IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ASTRAZENECA PHARMACEUTICALS LP,

        Plaintiff,

v.

JONATHAN SKRMETTI,

        Defendant.

)
)
)
)
)
)
)
)
)
)

No. 3:25-cv-00987

JUDGE RICHARDSON

## <u>ORDER</u>

This action concerns a challenge to Tennessee's Hospital Protection Act, Tenn. Code Ann. § 47-18-136 ("Hospital Protection Act"), and particularly concerns whether the Hospital Protection Act is preempted by Section 340B of the federal Public Health Service Act, 42 U.S.C. § 256b ("Section 340B"). Pending before the Court are three motions. The first motion is a motion to dismiss (Doc. No. 17, "Motion to Dismiss") filed by Defendant, Jonathan Skrmetti. Via the Motion, Defendant contends that the complaint (Doc. No. 1, "Complaint") of Plaintiff, Astrazeneca Pharmaceuticals LP, should be dismissed. In relevant part, Defendant contends that dismissal of the Complaint is warranted because (according to Defendant) Plaintiff has "(1) failed to allege facts supporting any right to sue [Defendant because Plaintiff lacks a private right of action and because Plaintiff has failed to establish that it has standing to bring a pre-enforcement challenge to the Hospital Protection Act;]" and "(2) failed to put forward a viable preemption theory[—insofar as Plaintiff has failed to allege that the Hospital Protection Act is preempted by Section 340B—]regardless." (Doc. No. 17 at 14). Plaintiff has filed a response (Doc. No. 23) in

opposition to the Motion to Dismiss, and Defendant has filed a reply (Doc. No. 28) in further support of the Motion to Dismiss.

The second motion is an unopposed motion for leave to file an amici curiae brief (Doc. No. 18, "Amici Motion"), filed by the American Hospital Association, 340B Health, Tennessee Hospital Association, and American Society of Health-System Pharmacists (collectively, "Amici"), wherein the Amici seek leave to file an amici curiae brief.

The third motion is a motion for review of the nondispositive order of the Magistrate Judge (Doc. No. 41, "Motion for Review"), wherein Defendant seeks this Court's review of the Magistrate Judge's order (Doc. No. 40, "Stay Order") that declined to stay discovery pending the Court's decision on the pending Motion to Dismiss. Plaintiff has filed a response (Doc. No. 42) in opposition to the Motion for Review, and Defendant has filed a reply (Doc. No. 43) in further support of the Motion for Review.

For the reasons described herein, this action is **STAYED**, and the Motion to Dismiss (Doc. No. 17), the Amici Motion (Doc. No. 18) and the Motion for Review (Doc. No. 41) are **DENIED**.

This is not the first action before this Court challenging the Hospital Protection Act and raising the question of whether the Hospital Protection Act is preempted by Section 340B. Indeed, two recent (and since dismissed) cases have considered this very issue: *AbbVie, Inc. v. Skrmetti*, No. 3:25-cv-00519 (M.D. Tenn.) (hereinafter "*AbbVie* Action") and *Pharmaceutical Research and Manufacturers of America v. Skrmetti*, No. 3:25-cv-00582 (M.D. Tenn.) (hereinafter "*PhRMA* Action").[1] The *AbbVie* Action and the *PhRMA* Action are assigned to Judge Trauger, and the parties in those actions raised some of the exact same issues that are raised by the parties in the

---

[1] When referring to filings in the *AbbVie* Action, the Court will use the following citation format (for citations and for textual references, respectively): "*AbbVie* Docket No. ___" or "(*AbbVie* Doc. No. ___)".
When referring to filings in the *PhRMA* Action, the Court will use the following citation format (for ciations and for textual references, respectively): "*PhRMA* Docket No. ___" or "(*PhRMA* Doc. No. ___)".

instant action: to what extent the Hospital Protection Act is preempted by Section 340B and the extent to which a party may bring a pre-enforcement suit challenging the Hospital Protection Act. (*AbbVie* Doc. No. 68 at 15-24; *PhRMA* Doc. No. 40 at 19-27). Ultimately, Judge Trauger dismissed both the *AbbVie* Action (*AbbVie* Doc. No. 69) and the *PhRMA* Action (*PhRMA* Doc. No. 41). With respect to the *AbbVie* Action, the dismissal was premised in pertinent part on both a finding that the plaintiff lacked standing to challenge the Hospital Protection Act in a pre-enforcement context, (*AbbVie* Doc. No. 68 at 15-18, 29), and on a finding that the Hospital Protection Act was not preempted by Section 340B. (*Id.* at 19-24, 29). With respect to the *PhRMA* Action, the dismissal was premised in pertinent part on a finding that the Hospital Protection Act was not preempted by Section 340B. (*PhRMA* Doc. No. 40 at 19-27).

The dismissals of the *AbbVie* Action and the *PhRMA* Action (among other orders in those actions) are both now on appeal at the United States Court of Appeals for the Sixth Circuit (*AbbVie* Doc. No. 71; *PhRMA* Doc. No. 43), with the appeals of those dismissals bearing the case numbers 26-5279 and 26-5275, respectively. So, two of the key issues facing the Court in this action— namely the extent to which the Hospital Protection Act is preempted by Section 340B and the extent to which a party may bring a pre-enforcement suit challenging the Hospital Protection Act— are now on appeal at the Sixth Circuit. In resolving those appeals, the Sixth Circuit may provide valuable (and perhaps indeed dispositive) guidance to this Court (and other district courts) as to these issues.

Accordingly, the Court will stay this action pending the decisions of the Sixth Circuit as to the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action. The Court is well within its discretion to take such an action and to do so *sua sponte*. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its

power to control its own docket."); *Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 439 (S.D. Ohio 2023) (noting that inherent in a district court's discretion to stay proceedings is the ability "to consider *sua sponte* whether to issue a stay." (citing *Collins on Behalf of Collins v. Barry*, 841 F.2d 1297, 1299 (6th Cir. 1988))). *See also Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:19-CV-00542, 2021 WL 879126, at *4 (M.D. Tenn. Feb. 8, 2021) (noting that the "Court has the inherent power to manage its own docket" and that because of pending litigation before the Sixth Circuit, the Court would deny a motion for costs "without prejudice to be[ing] refiled after completion of the appellate process." (citing *Webster v. Spears*, 664 F. App'x 535, 539 (6th Cir. 2016); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516–17 (6th Cir. 2003))). Indeed, as the Sixth Circuit has held, the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants," and "the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014).

Here, the Court discerns that the economy of time and effort both for itself, as well as the parties and their counsel in this case, warrants a stay of this action pending the decisions of the Sixth Circuit on the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action. As noted above, the *AbbVie* Action and the *PhRMA* Action involve many of the same legal issues facing the Court in the instant action—namely to what extent the Hospital Protection Act is preempted by Section 340B and the ability of a party to bring a pre-enforcement suit challenging the Hospital Protection Act—and given the appeal of these actions, the Sixth Circuit may (and in all likelihood will) provide guidance to this Court (and other district courts) as to these issues. Therefore, the Court does not discern that it would be a prudent use of this Court's (limited) time

and effort, nor indeed fair to the parties and their counsel, for this Court to determine—via an opinion that from the very outset would be subject to prompt undercutting by the Sixth Circuit—whether this action should be dismissed prior to the Sixth Circuit issuing decisions on the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action.

Accordingly, this action will be **STAYED** pending the decisions of the Sixth Circuit on the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action. All deadlines and proceedings in this matter will be stayed until the Sixth Circuit has issued rulings with respect to the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action. The parties shall file a motion to lift the stay in this case, which may include any status update the parties wish to provide the Court, within ten (10) days of the Sixth Circuit's decisions on the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action. Alternatively, any party may move to lift the stay in this case at any point for good cause.

Additionally, given the pending decisions of the Sixth Circuit on these appeals, the Court **DENIES** the Motion to Dismiss (Doc. No. 17) and the Amici Motion (Doc. No. 18). Such denial is without prejudice to Defendant again filing another (presumably updated) motion to dismiss or to the Amici again seeking to file a new (presumably updated) amici brief following the decisions of the Sixth Circuit on the appeals of the dismissals of the *AbbVie* Action and the *PhRMA* Action. Finally, given that the Court herein denies the Motion to Dismiss, the Motion for Review (Doc. No. 41), wherein Defendant seeks this Court's review of the Magistrate Judge's Stay Order (Doc. No. 40) declining to stay discovery pending the Court's decision on the pending Motion to Dismiss, is **DENIED** as moot.

IT IS SO ORDERED.


_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE